UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MATT RHOADES, TRUSTEE, <br> INDIANA STATE COUNCIL OF <br> PLASTERERS, <br> CEMENT MASONS HEALTH, WELFARE, <br> PENSION FUNDS, <br><br> Plaintiffs, <br><br> v. <br><br> SEGLER CONCRETE FINISHING LLC Clerk's <br> Entry of Default Entered on 8/21/2024, <br><br> Defendant. | No. 1:24-cv-00739-TWP-MJD |

### ORDER GRANTING PLAINTIFFS' JUDGMENT IN SUM CERTAIN

This matter is before the Court on Plaintiffs' Matt Rhoades, as Trustee, and Indiana State Council of Plasterers, and Cement Masons Health and Welfare Pension Funds' (collectively, "Plaintiffs") Application for Order of Judgment in Sum Certain pursuant to Federal Rule of Civil Procedure 55(b). (Filing No. 12). The Plaintiffs initiated this action against Defendant Segler Concrete Finishing, LLC, an Illinois Corporation (the "Defendant"), for failure to make contributions (the "delinquent contribution amounts") to certain Health and Welfare and Pension Funds (the "Funds"), maintained and administered under the National Labor Relations Act, on behalf of its employees who are members of Cement Masons Local 143. (Filing No. 1). The Plaintiffs filed the instant motion seeking a default judgment, after the Defendant failed to appear or otherwise defend. For the reasons below, the Plaintiffs' Motion is **granted**.

### I.   BACKGROUND

The Defendant is an Illinois corporation doing business within the Southern District of Indiana. (Filing No. 1 ¶ 3). The Defendant employs persons who are members of Cement Masons

1

Local 143. (Filing No. 1 ¶ 4). By virtue of collective bargaining agreements entered between certain employer associations, such as the Defendant, and Cement Masons Local 692, the Defendant is bound to trust agreements that establish funds such as the Health and Welfare and Pension Funds in this matter (the "Trust Agreements"). (Filing No. 1 ¶ 2; *see also* Filing Nos. 12-4 at 10; 12-5 at 10). As part of its obligations, the Defendant is bound to make contributions to the Funds for the hours and weeks worked by its bargaining unit employees. (Filing No. 1 ¶ 4).

The Plaintiff filed this Complaint on April 30, 2024, alleging the Defendant had failed to make contributions to the Funds as required under the Trust Agreements (Filing No. 1 at 2-3). Failure to pay these contributions, the Complaint contends, violates the Defendant's contractual obligations, as well as applicable state and federal statutes (Filing No. 1 at 3). The Plaintiff issued a summons to the Defendant on April 30, 2024 (Filing No. 5). The Defendant was served with process on June 18, 2024 (Filing No. 6). The Defendant has failed to answer or otherwise respond to the Plaintiffs' Complaint, and the time within which to do so has expired.

On August 2, 2024, the Plaintiffs moved for a clerk's entry of default judgment pursuant to Federal Rule of Civil Procedure 55(a) against the Defendant (Filing No. 7). The Clerk entered default against the Defendant on August 21, 2024 (Filing No. 8). Soon after, the Plaintiffs filed a motion asking the Court to require the Defendant to submit to a payroll compliance audit to help calculate an appropriate damage amount for judgment (Filing No. 9). The magistrate judge granted the Plaintiffs' Motion for an audit and ordered the Defendant to produce certain records that would assist in the audit process (Filing No. 10). Following the audit—which is supported by affidavit—the Plaintiffs filed their motion for default judgment with the Court (Filing Nos. 12, 12-1, and 12-2). The Plaintiffs now move the Court to enter default judgment against the Defendant pursuant to Federal Rule of Civil Procedure 55(b) in the amount of $184,028.14, representing the total amount

of delinquent contributions owed, liquidated damages, and the Plaintiffs' audit costs (Filings No. 12, 12-1, and 12-2). The Plaintiffs' Motion for Default Judgment is now ripe for the Court's review.

## II.     <u>LEGAL STANDARD</u>

Obtaining a default judgment entails two steps. First, the party seeking a default judgment must file a motion for entry of default with the clerk of court by demonstrating that the opposing party has failed to answer or otherwise respond to the complaint. Fed. R. Civ. P. 55(a). Second, the moving party must seek entry of a default judgment against the defaulting party. Fed. R. Civ. P. 55(b). The court may enter a default judgment against a party who has failed to plead or otherwise defend itself. Fed. R. Civ. P. 55(b)(2). The decision to grant or deny a default judgment is within the court's discretion. *See Domanus v. Lewicki*, 742 F.3d 290, 301 (7th Cir. 2014) (indicating a decision on default judgment is reviewed for abuse of discretion).

A default judgment establishes the defendant's liability to the plaintiff on the cause of action alleged in the complaint. *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012). "'Upon default, the well-pleaded allegations of a complaint relating to liability are taken as true.'" *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983). Damages, however, "must be proved unless they are liquidated or capable of calculation." *Wehrs*, 688 F.3d at 892. In this circuit, judgment by default may not be entered without a hearing on damages unless "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Dundee Cement Co.*, 722 F.2d at 1323.

## III.     <u>DISCUSSION</u>

Because the Defendant has not responded to the Plaintiffs' Complaint, all the well-pleaded allegations of the Complaint relating to liability are taken as true. Those allegations include that Defendant was bound by certain collective bargaining and trust agreements that required it to make

3

certain contributions to the Funds on behalf of its bargaining unit employees (Filing No. 1 ¶ 4). The Defendant has failed to make the required contributions to the Funds (Filing Nos. 9 and 12). The allegations in the Complaint are sufficient to establish liability, and the Court now turns to the relief requested.

A district court usually "must conduct an inquiry" through hearings to determine the amount of damages with "reasonable certainty." *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007). However, such proceedings are unnecessary if the "amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Id.* at 602 (quoting *Dundee Cement Co.*, 722 F.2d at 1323 (7th Cir. 1983)). Here, the Plaintiff requests a judgment in the amount of $184,028.14, representing the total amount of delinquent contributions owed by the Defendant (from November 1, 2022, to October 31, 2024), liquidated damages relating to the delinquent contributions, and Plaintiffs' audit costs. The Court addresses each requested amount below.

### A. Delinquent contributions and associated liquidated damages

The Trust Agreements are clear: a participating employer, such as the Defendant, is responsible for contributing to the Funds the amounts required by the binding collective bargaining and Trust Agreements on behalf of its bargaining unit employees (Filing Nos. 12-4 at 10, § 1; 12-5 at 10, § 1). The well-pleaded allegations, taken as true, in the Plaintiffs' Complaint properly allege that the Defendant has failed to make any such contributions to the Funds. As mentioned above, a damages hearing is unnecessary if the damages figures can be ascertained from definite figures contained in, *inter alia,* an affidavit. *e360 Insight,* 500 F.3d at 602 (7th Cir. 2007) (quoting *Dundee Cement Co.*, 722 F.2d at 1323 (7th Cir. 1983)).

The Plaintiffs already moved this Court to allow them to subject the Defendant to a payroll compliance audit to determine an appropriate amount of damages for judgment (Filing No. 9 ¶ 4). The Court granted the Plaintiffs' Motion, and the Defendant underwent a payroll compliance audit which was completed by Richard J. Wolf and Company, Inc. ("Wolf and Company"), (Filings Nos. 10 and 12-2). The audit revealed that the Defendant had not complied with its contribution requirements and thus owed a subtotal of $165,548.31 in contributions to the Funds (Filing No. 12-2 at 3). The Court determines that the Defendant's obligation to contribute to the Funds on behalf of its bargaining unit employees is clearly defined in the collective bargaining and Trust Agreements. Furthermore, the Court concludes that the delinquent contribution subtotal owed by the Defendant has been ascertained with reasonable certainty as a result of the payroll compliance audit performed by Wolf and Company (Filing No. 12-2).

Both Trust Agreements provide that delinquent contribution amounts will be subject to liquidated damages of 10% of the total Pension Fund contribution and Health and Welfare contribution amounts (Filings Nos. 12-4 at 11, § 4; 12-5 at 11, § 4). Here, the audit correctly calculates liquidated damages in the amount of $16,554.83 from the Defendant's delinquent contribution amount of $165,548.31 (Filing No. 12-2 at 3).

The Court concludes that the Trust Agreements clearly define the Defendant's obligations to make the required contributions to the Funds. Moreover, the appropriate judgment amount has been ascertained with reasonable certainty as a result of a payroll compliance audit which is supported by the affidavit submitted by Richard Wolf. Therefore, the Plaintiff is entitled to $182,103.14, equaling the sum total of the delinquent contribution amount ($165,548.31) plus 10% in liquidated damages ($16,554.83).

### B. Audit Costs

The Trust Agreements provide that a trustee or his representatives may examine an employer's records, including pertinent payroll records, with respect to employees who are covered by the Trust Agreements "whenever such examination is deemed necessary or advisable by the trustee." (Filing Nos. 12-4 at 12, § 5; 12-5 at 13, § 5). The Trust Agreements also provide that an employer, "in the event of liability for delinquency, shall be obligated to pay all liquidated damages[] [and] auditing fees . . ." (Filing Nos. 12-4 at 12, § 5; 12-5 at 13, § 5). Wolf and Company charged the Plaintiff a total of $1,925.00 to complete the payroll compliance audit on the Defendant's records (Filing Nos. 12-2 at 2; 12-1 ¶ 3). The Plaintiff was charged a flat fee of $1,680.00 for the audit itself, plus an additional $245.00 for Wolf and Company's "travel and subsistence." (Filing No. 12-2 at 2).

The Court determines that these costs are commercially reasonable given the nature of this litigation, the time spent attempting to prosecute the case, and because such costs are recoverable under the terms of the Trust Agreements. The Seventh Circuit has held that the standard in a contractual fee-shifting case is a "commercially reasonable" standard. *Matthews v. Wis. Energy Corp., Inc.*, 642 F.3d 565, 572 (7th Cir. 2011).

### IV.  CONCLUSION

For the foregoing reasons, the Court now **GRANTS** the Plaintiffs' Application for Order of Judgment in Sum Certain (Filing No. 12). The Court will enter **judgment in sum certain** against the Defendant in the following amounts: (1) $165,548.31 in delinquent contribution amounts, (2) $16,554.83 representing liquidated damages of 10% of the Defendant's delinquent contribution amounts, and (3) $1,925.00 representing $1,680.00 for Wolf and Company's time conducting the audit, plus $245.00 for Wolf and Company's "travel and subsistence." In total, the Plaintiffs may

not recover more than $184,028.14, the total judgment amount sought in the Plaintiffs' Application for Order of Judgment in Sum Certain (Filing No. 12 at 2).

Final judgment will issue under a separate order.

**SO ORDERED.**

Date: 10/2/2025

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Donald D. Schwartz
ARNOLD & KADJAN
dds@aandklaw.com